UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JASON LAVET BETHUNE,                      Case No. 21-CV-2673 (PJS/ECW)

         Plaintiff,

v.                                                           **ORDER**

STATE OF MINNESOTA,

         Defendant.

Jason Lavet Bethune, *pro se*.

This matter is before the Court on Plaintiff Jason Lavet Bethune's opening filing, received by the Court on December 14, 2021. *See* ECF No. 1. Bethune presumably means for this two-page document, titled "Statement to Court," to be this action's complaint. As presented, however, the Court lacks jurisdiction over this action, and even if jurisdiction existed, this action is plainly frivolous. The Court thus dismisses this action and denies as moot Bethune's application to proceed *in forma pauperis* ("IFP") in this action (ECF No. 2). And because this action is part of a recent eight-case (or eleven-case, depending on the count) litigation wave by Bethune, the Court imposes a filing restriction to prevent his conduct from further burdening the District.

As noted above, rather than pay this action's filing fee, Bethune applied to proceed IFP.  Under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  Furthermore, even if this action were not a potential IFP proceeding, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  These rules compel—indeed, overdetermine—this action's dismissal.

Take jurisdiction first.  This action's sole defendant is the State of Minnesota.  Under the U.S. Constitution's Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ."  U.S. Const. amend. XI.[1]  The point goes to jurisdiction: under the Eleventh Amendment, federal courts generally lack jurisdiction over claims against an unconsenting state.  *See, e.g.*, *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 72 (1996); *Cooper v. St. Cloud State Univ.*, 226

---

[1] The Amendment uses the phrase "another State," but precedent dictates that "an unconsenting State also is immune from suits by its own citizens."  *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004) (citing cases); *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (making same point (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990))).

F.3d 964, 968 (8th Cir. 2000) (citing *Pennhurst St. Sch. & Hosp. v. Haldermann*, 465 U.S. 89 (1984)).  Nothing in Bethune's opening filing even hints that Minnesota has waived its immunity from suit in an action like this.  This Court therefore lacks jurisdiction here.

This itself demands dismissal.  But even if Bethune could get past this jurisdictional problem, this action is patently frivolous.  A case is frivolous when "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997) (quoting *Neitzke*).  Courts throughout this District have held that when a complaint has no allegations about a defendant, it lacks an arguable basis in fact—so is frivolous—for that defendant.  *See, e.g.*, *Swenson v. Hable*, No. 21-CV-1011 (SRN/HB), 2021 WL 3476720, at *2 (D. Minn. July 15, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 3472694 (D. Minn. Aug. 6, 2021); *Radabaugh v. Corp. Tr. Co.*, No. 17-CV-1559 (JRT/BRT), 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), *report and recommendation adopted*, 2017 WL 4023102 (D. Minn. Sept. 13, 2017).

As noted above, this action's only defendant is the State of Minnesota.  The filing is replete with inflammatory (though conclusory) statements asserting that numerous people and entities have assaulted Bethune, defrauded him, and violated his constitutional rights.  *See* ECF No. 1 at 1–2.  But by the Court's count, no allegations concern the State of Minnesota itself.  The closest Bethune comes is a sentence reading, in full, "Minnesota State Police contacted no action was taken."  *See id.* at 2.  This

provides no arguable basis in fact for any claim that the State of Minnesota has legal liability to Bethune. The action is therefore frivolous.

Bethune's request for relief underlines the point. Bethune says that his "estimated damages" here are $444 *trillion*—yes, twelve zeros. (ECF No. 1 at 2 (capitalization amended).) This is absurd. According to the World Bank, Earth's entire gross domestic product ("GDP") in 2020 was between $84 trillion and $85 trillion. *See* World Bank, GDP (Current US$), *available at* https://data.worldbank.org/indicator/NY.GDP.MKTP.CD (last accessed Dec. 15, 2021). Bethune thus purports to tell this Court that his damages here sum to over well five years of global GDP. This tossed-off suggestion—at the least, one wonders just what "estimation" occurred—insults those plaintiffs who come to this Court with nonfrivolous suits and actually try to justify their claims to compensation.

So the Court is dismissing this action due to lack of jurisdiction, and were there jurisdiction, it would dismiss the suit as frivolous. Because—and only because—the dismissal here is based on lack of jurisdiction, the Court dismisses the action without prejudice. Given this result, the Court denies as moot Bethune's pending IFP application.

Were this action a one-off aberration, the Court would leave it at that. But in the last three weeks, Bethune has filed at least seven other actions in this District.[2] This is on top of at least three other actions filed in September.[3] To be sure, the individual judges in each of those cases will assess for themselves the propriety of Bethune's relevant filings. For present purposes, this Court need only note its satisfaction—after review of Bethune's other actions—that the Court should impose a filing restriction now, before another wave appears.

To be sure, Bethune—like other pro se litigants—has a constitutional right of access to the courts. But that right does not give litigants *carte blanche* to file frivolous litigation. *See, e.g.*, *Sterling v. Wood*, 68 F.3d 1124, 1126 (8th Cir. 1995) (citing *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988)); *Prouty v. Johnson*, No. 21-CV-2438 (PJS/DTS), 2021

---

[2] *See Bethune v. Baker*, Case No. 21-CV-2640 (DSD/DTS); *Bethune v. Schidmt*, Case No. 21-CV-2641 (SRN/KMM); *Bethune v. Holmgren*, Case No. 21-CV-2642 (DWF/TNL); *Bethune v. Gunderson*, Case No. 21-CV-2643 (NEB/JFD); *Bethune v. St. Paul Soc. Sec.*, Case No. 21-CV-2644 (DSD/DTS); *Bethune v. District 196th*, Case No. 21-CV-2645 (WMW/DTS); *Bethune v. Knutson*, Case No. 21-CV-2674 (WMW/TNL).

[3] *See Bethune v. Woodbury Police Dep't*, Case No. 21-CV-2035 (WMW/DTS); *Bethune v. Facebook Inc.*, Case No. 21-CV-2118 (NEB/HB); *Bethune v. Kijakazi*, Case No. 21-CV-2119 (SRN/ECW). Of these actions, (1) Judge Nancy E. Brasel dismissed Case No. 21-CV-2035 with prejudice for failure to state a claim, *see* Order of Dismissal at 4, *Bethune v. Facebook Inc.*, Case No. 21-CV-2118 (NEB/HB) (D. Minn. Oct. 15, 2021); and (2) Magistrate Judge Elizabeth Cowan Wright has recently entered a Report and Recommendation in Case No. 21-CV-2119 recommending the action's dismissal based on Bethune's failure to comply with court instructions, *see* R. & R. at 1–2, *Bethune v. Kijakazi*, Case No. 21-CV-2119 (SRN/ECW) (D. Minn. Dec. 9, 2021).

WL 5235094, at *2 (D. Minn. Nov. 10, 2021) (citing *In re Tyler*); *Berman v. Segal*, No. 20-CV-1199 (DWF/DTS), 2020 WL 4022698, at *1 (D. Minn. May 21, 2020) (same), *report and recommendation adopted*, 2020 WL 4018217 (D. Minn. July 16, 2020).  As the U.S. Court of Appeals for the Eighth Circuit has explained, "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims."  *In re Tyler*, 839 F.2d at 1292 (quotations omitted).  This imposes "unnecessary burdens on, and the useless consumption of, court resources."  *Id.*  A federal court "has authority to control and manage matters pending before it," and so "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process."  *Id.* at 1292–93.  Bethune qualifies.  As a result, he is now restricted from filing any new civil actions in this District unless he is represented by counsel or obtains prior written authorization to file the action from a judicial officer of this District.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

> 1. Plaintiff Jason Lavet Bethune's opening filing (ECF No. 1), construed by the Court as a complaint, is **DISMISSED** without prejudice for lack of jurisdiction.

2. Bethune's application to proceed *in forma pauperis* (IFP) in this action (ECF No. 2) is **DENIED** as moot.

3. Bethune is **RESTRICTED** from filing any new civil actions in this District unless he is represented by counsel or obtains prior written authorization to file the action from a judicial officer of this District.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 16, 2021                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge